1   KAREN P. HEWITT
    United States Attorney
2   DAVID M. McNEES
    Special Assistant U.S. Attorney
3   California State Bar No. 216612
    Federal Office Building
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-5979
    E-mail: david.mcnees@usdoj.gov
6
    Attorneys for Plaintiff
7   United States of America

FILED

2007 DEC 14 PM 2: 17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ ICNIX _____DEPUTY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, | Case No. 07 CV 2342 LAB JMA |
| 11              Plaintiff, | |
| 12        v. | COMPLAINT FOR FORFEITURE |
| 13  ONE RESIDENTIAL PROPERTY | |
| 14  LOCATED AT 30220 COOL VALLEY | |
|     LANE, VALLEY CENTER, CA, AND | |
| 15  ALL IMPROVEMENTS AND | |
|     APPURTENANCES AFFIXED THERETO, | |
| 16  ONE RESIDENTIAL PROPERTY | |
| 17  LOCATED AT 681 DOUGLAS AVENUE, | |
|     SAN MARCOS, CA, AND ALL | |
| 18  IMPROVEMENTS AND | |
|     APPURTENANCES AFFIXED THERETO, | |
| 19  ONE RESIDENTIAL PROPERTY | |
| 20  LOCATED AT 1228 CORTE BELLO, | |
|     SAN MARCOS CA, AND ALL | |
| 21  IMPROVEMENTS AND | |
|     APPURTENANCES AFFIXED THERETO, | |
| 22              Defendants. | |
| 23 | |

24        1.    For its claim against the defendant real properties, One Residential Property

25   Located at **30220 Cool Valley Lane, Valley Center, CA,** and All Improvements and

26   Appurtenances Affixed Thereto, One Residential Property Located at **681 Douglas Avenue,**

27   **San Marcos, CA**, and All Improvements and Appurtenances Affixed Thereto, and One Residential

28   Property Located at **1228 Corte Bello, San Marcos, CA,** and All Improvements and Appur-

DMM:mia

1  tenances Affixed Thereto (collectively, "defendant properties"), the United States of America

2  alleges:

3      The 30220 Cool Valley Lane, Valley Center, CA property ("Count One Defendant

4  Property") is more particularly described as:

5                  **ASSESSORS PARCEL NO. 133-390-12-00**

6      **PARCEL A:**

7      PARCEL 3 OF PARCEL MAP NO. 6612, IN THE COUNTY OF SAN
       DIEGO, STATE OF CALIFORNIA, FILED IN THE OFFICE OF THE
8      COUNTY RECORD OF SAN DIEGO COUNTY, DECEMBER 01, 1977 AS
       INSTRUMENT NO. 77-496997 OF OFFICIAL RECORDS, BEING A
9      PORTION OF THE NORTHWEST QUARTER OF THE SOUTHWEST
       QUARTER AND A PORTION OF THE NORTHEAST QUARTER OF THE
10     SOUTHWEST QUARTER OF SECTION 33, TOWNSHIP 10 SOUTH,
       RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF
11     SAN DIEGO, STATE OF CALIFORNIA.

12     **PARCEL B:**

13     AN EASEMENT FOR INGRESS AND EGRESS FOR ROAD AND PUBLIC
       UTILITY PURPOSES, TOGETHER WITH THE RIGHT TO CONVEY TO
14     OTHERS FOR ANY FUTURE DIVISIONS OF SAID LAND INCLUDING
       BUT NOR LIMITED TO SAN DIEGO GAS AND ELECTRIC COMPANY
15     OVER, UNDER, ALONG AND ACROSS THOSE PORTIONS OF PARCELS
       1, 2 AND 4 OF PARCEL MAP 5018, DESIGNATED AS "PROPOSED 60
16     FOOT PRIVATE ROAD AND UTILITY EASEMENT" AS SHOWN AND
       DELINEATED ON SAID PARCEL MAP NO. 5018.

17
       **PARCEL C:**
18
       AN EASEMENT FOR INGRESS, EGRESS, ROAD AND PUBLIC UTILITY
19     PURPOSE TOGETHER WITH THE RIGHT TO CONVEY TO OTHERS
       FOR ANY FUTURE DIVISIONS OF SAID LAND INCLUDING BUT NOT
20     LIMITED TO SAN DIEGO GAS AND ELECTRIC COMPANY OVER,
       UNDER, ALONG AND ACROSS THE SOUTHERLY 40.00 FEET OF
21     PARCEL 4 OF PARCEL MAP NO. 5018, IN THE COUNTY OF
       SAN DIEGO, STATE OF CALIFORNIA, AS FILE IN THE OFFICE OF
22     SAID SAN DIEGO COUNTY RECORDER ON AUGUST 19, 1976 AS
       INSTRUMENT NO. 76-269671, OF OFFICIAL RECORDS.
23
       **PARCEL D:**
24
       AN EASEMENT FOR INGRESS, EGRESS, ROAD AND PUBLIC UTILITY
25     PURPOSES OVER, UNDER, ALONG AND ACROSS THE WESTERLY
       40.00 FEET OF PARCEL 4 OF PARCEL MAP NO. 2282, ACCORDING TO
26     THE MAP FILED IN THE OFFICE OF THE COUNTY RECORDER OF
       SAN DIEGO COUNTY, CALIFORNIA, ON JANUARY 24, 1974.
27

28  //

1    PARCEL E:

2    AN EASEMENT FOR INGRESS, EGRESS, ROAD AND PUBLIC UTILITY
     PURPOSES TOGETHER WITH THE RIGHT TO CONVEY TO OTHERS
3    FOR ANY FUTURE DIVISION OF SAID LAND INCLUDING BUT NOT
     LIMITED TO SAN DIEGO GAS AND ELECTRIC COMPANY OVER,
4    UNDER, ALONG AND ACROSS THOSE PORTIONS OF PARCELS 1, 2
     AND 4 OF PARCEL MAP 6612, DESIGNATED AS "PROPOSED 40.00
5    FOOT PRIVATE ROAD AND UTILITY EASEMENT" AS SHOWN AND
     DELINEATED ON SAID PARCEL MAP NO. 6612.

6

7    The 681 Douglas Avenue, San Marcos, CA property ("Count Two Defendant Property")

8    is more particularly described as:

9    ASSESSOR'S PARCEL NO. 226-500-44-00

10   LOT 71 OF LANCER PARK UNIT NO. 4, IN THE CITY OF SAN MARCOS,
     COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO
11   MAP THEREOF NO. 7437, FILED IN THE OFFICE OF THE COUNTY
     RECORDER OF SAN DIEGO COUNTY, SEPTEMBER 15, 1972.

12

13   The 1228 Corte Bello, San Marcos, CA property ("Count Three Defendant Property") is

14   more particularly described as:

15   ASSESSOR'S PARCEL NUMBER: 218-400-16

16   LOT 16 OF SAN MARCOS TRACT NO. 302, PALOMA - AREA 13, UNIT
     NO. 1, IN THE CITY OF SAN MARCOS, COUNTY OF SAN DIEGO,
17   STATE OF CALIFORNIA, ACCORDING TO MAP THERE OF NO. 12262,
     FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO
18   COUNTY, NOVEMBER 10,1988.

19   EXCEPT THERE FROM ALL OIL, GAS, MINERALS, AND OTHER
     HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF
20   SAID LAND, BUT WITH NO RIGHT OF SURFACE ENTRY, AS
     PROVIDED IN DEEDS OF RECORD.

21

22   2.    This Court has jurisdiction under Title 28, United States Code, Sections 1345 and

23   1355, Title 21, United States Code, Section 881(a)(7) (forfeiture of property used in any manner

24   to commit or facilitate the commission of an illegal controlled substances offense) and Title 18,

25   United States Code, Section 985 (civil forfeiture of real property).

26   3.    Venue is proper pursuant to Title 28, United States Code, Section 1391 because the

27   defendant real properties are located within the jurisdiction of this Court and the acts which give

28   //

3

1    rise to the forfeiture of the defendant real properties to the United States occurred within the

2    Southern District of California.

3        4.    In November 2006, agents with the Department of Homeland Security received

4    information from a confidential source that one Rex Costales ("Costales") was engaged in the

5    cultivating of marijuana at his residence.  The confidential source had provided reliable

6    information to agents in the past.  The source indicated that Costales grew the marijuana at his

7    home, in a children's dollhouse located in the back yard.  Agents were told that Costales grew

8    about 40 plants at a time.  Property records indicated that Costales owned two single-family

9    residences, one located at 30220 Cool Valley Lane in Valley Center, and the other at 681 Douglas

10   Avenue in the City of San Marcos.

11       Agents went to 681 Douglas Avenue and observed an outbuilding at the far southeast

12   corner of the back yard.  The outbuilding had blacked-out windows and power running to it from

13   the main residence.  There was also another outbuilding on the property; however, the windows

14   of that outbuilding were not blacked out, and gardening tools could be observed inside the

15   building. This was consistent with a marijuana grow based on the agents' training and experience.

16   Agents spoke to a neighbor who indicated that they occasionally smelled the odor of marijuana

17   coming from the direction of 681 Douglas Avenue.  They also stated there were guests frequently

18   coming to and from the residence.

19       In February 2007, additional information was received that Costales was currently supplied

20   with marijuana which he was selling for $4,000.00 a pound.  Also in February 2007, agents went

21   to speak with neighbors of the 30220 Cool Valley Lane property. Agents learned there was usually

22   someone at the residence only about once a week.  Most of the time Costales came by himself, and

23   did not stay very long.

24       In March 2007, the confidential source identified Costales in a photographic lineup as the

25   individual he knew to sell marijuana.  The source stated he had been in the room during one

26   particular sale that month.  Additional information was provided that Costales was selling

27   marijuana in April 2007 for $2,600.00 for one-half pound.  It was also relayed that Costales kept

28   the money from his marijuana transactions in his home.

4

1    Agents issued subpoenas to San Diego Gas and Electric ("SDG&E") and the Valley Center

2    Water District in regard to 30220 Cool Valley Lane. The information obtained indicated an

3    excessive amount of electricity used at the address in relation to the amount of time spent there,

4    and in comparison to nearby homes. The neighboring 30240 Cool Valley Lane is a larger house

5    and has a swimming pool, yet the Costales residence at 30220 Cool Valley Lane routinely used

6    more than twice the electricity. Agents also learned that Costales paid his SDG&E bills in cash

7    at the branch office. The water consumption for the residence was extremely low in comparison

8    to area residences, with only one or two units used every month, compared to eleven to over one

9    hundred units being used by the other residences.

10    Since the initial investigation, agents have conducted several surveillances at 30220 Cool

11    Valley Lane and have always found the appearance of the dwelling to be the same. The shades are

12    drawn, there is no activity around the house, and no observable hours of employment. Based on

13    the agents' training and experience, this is consistent with signs of operating an indoor marijuana

14    operation.

15    On December 13, 2007, agents from U.S. Immigration and Customs Enforcement (ICE),

16    the San Diego County Sheriff's Office (SDSO), and other law enforcement agencies served

17    California State search warrants on residences located at 30220 Cool Valley Lane, Valley Center,

18    County of San Diego, California (Cool Valley Lane property) and 681 Douglas Avenue,

19    San Marcos, County of San Diego, California (Douglas Avenue property). ICE and SDSO officers

20    discovered a sophisticated marijuana cultivation operation inside the Cool Valley Lane property

21    and seized approximately 210 marijuana plants from that location. ICE and SDSO officers seized

22    approximately 37 marijuana plants and a large plastic garbage bag filled with marijuana buds from

23    the Douglas Avenue property. Both houses belong to Rex COSTALES.

24    Prior to serving those search warrants, ICE agents had utilized an electronic tracking device

25    and physical surveillance to monitor the movements of COSTALES and his vehicle. ICE agents

26    observed COSTALES frequently traveling to and from a third residence located at 1228 Corte

27    Bello, San Marcos, County of San Diego, California (Corte Bello property). At approximately the

28    same time, agents observed COSTALES traveling to and from an industrial park which housed a

5

1  local hydroponics gardening store. Agents suspected that, following the San Diego wildfires in
2  October 2007, COSTALES may have moved a portion of his marijuana growing operation, or
3  started an additional marijuana grow operation, in the Corte Bello property. This property belongs
4  to COSTALES' brother, Melecio COSTALES, and their mother, Erlinda COSTALES.

5      On the morning of December 13, 2007, while agents were serving California State search
6  warrants at the Cool Valley Lane property and the Douglas Avenue property, other ICE agents
7  were conducting surveillance on the Corte Bello property. Following the discovery of the
8  marijuana growing operations at the two properties belonging to Rex COSTALES, ICE agents
9  approached the Corte Bello property. As the agents approached the property, they were greeted
10 by Melecio COSTALES, who had emerged from the residence's open garage door. An ICE
11 special agent immediately smelled the odor of marijuana emanating from the residence.

12      The ICE agents asked for and received consent from Melecio COSTALES to enter and
13 search the Corte Bello property. Upon entering the residence, Melecio COSTALES and the ICE
14 agents walked upstairs to the second floor of the residence. ICE agents again smelled the odor of
15 marijuana. Upon opening the door to an upstairs bedroom, the agents observed marijuana growing
16 equipment. When agents opened the door to the Corte Bello property's master bedroom, they
17 discovered a marijuana cultivation operation.

18      After the ICE agents had discovered the marijuana growing operation, Melecio
19 COSTALES told the agents that he would not sign a consent form allowing them to search the
20 Corte Bello property. He also stated that he wanted to speak with an attorney. At this point, the
21 agents secured the property and sought a California State search warrant for the Corte Bello
22 property. While securing the garage door pending the approval of the search warrant, the agents
23 observed an additional marijuana cultivation operation in the residence's garage.

24      ICE agents and SDSO officers obtained a California state search warrant for the Corte
25 Bello property and conducted a thorough search of the premises. The agents seized 104 plants and
26 various marijuana growing equipment from the Corte Bello property.
27  //
28  //

6

COUNT ONE

30220 Cool Valley Lane, Valley Center, CA

("Count One Defendant Property")

5.    Paragraphs 1-4 are hereby realleged and incorporated as a part hereof.

6.    On or before December 13, 2007, the Count One Defendant Property was used to commit or facilitate the commission of an illegal controlled substances offense in violation of Title 21, United States Code, Section 881(a)(7).

7.    By virtue of the aforementioned acts and premises alleged herein, the Count One Defendant Property is subject to forfeiture under Title 21, United States Code, Section 881(a)(7).

8.    The Count One Defendant Property is now and during the pendency of this action in the jurisdiction of this Court.

9.    The estimated value of the Count One Defendant Property is approximately $603,000.

COUNT TWO

681 Douglas Avenue, San Marcos, CA

("Count Two Defendant Property")

10.    Paragraphs 1-4 are hereby realleged and incorporated as a part hereof.

11.    On or before December 13, 2007, the Count Two Defendant Property was used to commit or facilitate the commission of an illegal controlled substances offense in violation of Title 21, United States Code, Section 881(a)(7).

12.    By virtue of the aforementioned acts and premises alleged herein, the Count Two Defendant Property is subject to forfeiture under Title 21, United States Code, Section 881(a)(7).

13.    The Count Two Defendant Property is now and during the pendency of this action in the jurisdiction of this Court.

14.    The estimated value of the Count Two Defendant Property is approximately $468,000.

//

//

7

COUNT THREE

1228 Corte Bello, San Marcos, CA

("Count Three Defendant Property")

15.    Paragraphs 1-4 are hereby realleged and incorporated as a part hereof.

16.    On or before December 13, 2007, the Count Three Defendant Property was used to commit or facilitate the commission of an illegal controlled substances offense in violation of Title 21, United States Code, Section 881(a)(7).

17.    By virtue of the aforementioned acts and premises alleged herein, the Count Three Defendant Property is subject to forfeiture under Title 21, United States Code, Section 881(a)(7).

18.    The Count Three Defendant Property is now and during the pendency of this action in the jurisdiction of this Court.

19.    The estimated value of the Count Three Defendant Property is approximately $528,000.

WHEREFORE, pursuant to 18 U.S.C. § 985, the United States does not request authority from the Court to seize the defendant properties at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

    a.    post notice of this Complaint on the defendant properties, and

    b.    serve notice of this action on the defendant properties' owners along with a copy of this Complaint, and

    c.    file lis pendens notices in county records of the defendant properties' status as defendants in this in rem forfeiture action.

The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant properties.

Title 18 U.S.C. § 985(c)(3) provides that, because the United States will post notice of this Complaint on the defendant properties, it is not necessary for the Court to issue arrest warrants in rem, or to take any other action to establish in rem jurisdiction over the defendant properties.

//

//

8

1    Title 18, United States Code, Section 985(b)(2) clearly states that "the filing of a lis pendens . . .

2    shall not be considered a seizure under this subsection."

3        DATED: December 14, 2007

4                        KAREN P. HEWITT
                           United States Attorney

5

6

7                            DAVID M. McNEES
                           Special Assistant U. S. Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I, Jeffrey L. Hall, hereby state and declare as follows:

1.      I am a Special Agent with the Department of Homeland Security, U.S. Immigration and Customs Enforcement.

2.      I have read the foregoing complaint and know its contents.

3.      The information in the complaint was furnished by official government sources. Based on this information, I believe the allegations in the complaint to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on December 14, 2007.


Jeffrey L. Hall, Special Agent, Department of
Homeland Security, U.S. Immigration
and Customs Enforcement

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

### UNITED STATES OF AMERICA

**DEFENDANTS**

FILED

ONE RESIDENTIAL PROPERTY AT 30220 COOL VALLEY LANE, VALLEY CENTER, ET AL.

2007 DEC 14 PH 2:17

07 CV 2342 LAB JMA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** — San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED
BY _____

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

SAUSA DAVID M. McNEES
880 FRONT STREET, ROOM 6293
SAN DIEGO, CA 92101-8893
(619) 557-5979

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### TITLE 21, UNITED STATES CODE, SECTION 881(a)(7)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product | ☐ 365 Personal Injury - | ☒ 625 Drug Related of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 152 Recovery of Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153Recovery of | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 |
| of Veterans Benefits | ☐ 355 Motor Vehicle Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product | | | ☐ 730 Labor/Mgmt. Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 893 Environmental |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Habeas Corpus | ☐ 790 Other Labor | ☐ 870 Taxes (U.S. or Defendant) | ☐ 894 Energy Allocation |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & | ☐ 443 | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 900 Appeal of Fee Under Equal Access to |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory |
| ☐ 290 All Other Real | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See**

JUDGE

Docket Number

DATE
12/14/07

SIGNATURE OF ATTORNEY OF RECORD
*David McNees*
DAVID M. McNEES, SAUSA